**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : : : : : | |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : : : : : | |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY EDUCATIONAL PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : : : : : | |
| TRUSTEES OF THE ELEVATOR CONSTRUCTORS ANNUITY AND 401(k) RETIREMENT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 17073-3228 | : : : : : : | |
| and | : : | |
| TRUSTEES OF THE ELEVATOR INDUSTRY WORK PRESERVATION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : : : : : | **COMPLAINT**<br>**CIVIL ACTION NO.** |
| Plaintiffs, | : : | |
| v. | : : | |
| INTEGRITY LIFT SOLUTIONS<br>1766 Stanley Ave.<br>Dayton, OH 45404, | : : : : | |
| and | : : | |
| MIKE CRYE<br>1766 Stanley Ave.<br>Dayton, OH 45404, | : : : : | |
| Defendants. | : | |

## COMPLAINT IN CONFESSION OF JUDGMENT

**(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND SETTLEMENT AGREEMENT; TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; TO ENTER CONFESSED JUDGMENT)**

### Parties

1.     The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.     The National Elevator Industry Health Benefit Plan ("Health Benefit Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Health Benefit Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Health Benefit Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.     The National Elevator Industry Educational Plan ("Educational Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Educational Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Educational Plan is administered at 19 Campus

Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.    The Elevator Constructors Annuity and 401(k) Retirement Fund ("Annuity 401(k) Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity 401(k) Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Annuity 401(k) Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

5.    The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

6.    Integrity Lift Solutions ("Integrity Lift") is an Ohio business existing under Ohio laws with its principal place of business located at 1766 Stanley Ave., Dayton, Ohio 45404.

7.    Integrity Lift transacts or transacted business in Ohio as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

8.     At all relevant times, Integrity Lift was and is signatory and bound to the Agreement between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association ("Collective Bargaining Agreement") by virtue of its Short Form Agreement.

9.     Mike Crye is an officer and owner of Integrity Lift, and resides at 1766 Stanley Ave., Dayton, Ohio 45404.

10.     At all relevant times, Mike Crye exercised control and discretion over the assets of Integrity Lift, including, but not limited to, decisions regarding the collection of receivables for Integrity Lift, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by Integrity Lift's employees, and the amounts to be paid to the Plaintiffs.  Accordingly, Mike Crye is a fiduciary to the Pension Fund, Health Benefit Plan, Educational Plan, Annuity 401(k) Fund, and Work Preservation Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

## Jurisdiction

11.     This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a).  This is an action for breach of a settlement agreement and for the entry of a confessed judgment.

12.     The Confession of Judgment authorizes the Plaintiffs to file a Complaint in this Court in the event of a default by the Defendants Integrity Lift and Mike Crye.

## COUNT I

### (ENTRY OF CONFESSED JUDGMENT)

13.    The Plaintiffs, the Pension Fund, Health Benefit Plan, Educational Plan, Annuity 401(k) Fund, and Work Preservation Fund ("Benefit Funds" or "Benefit Fund Plaintiffs") hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in Count I.

14.    Pursuant to its Short Form Agreement, Defendant Integrity Lift agreed to pay to the Benefit Fund Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreement.

15.    Defendant Integrity Lift employed certain employees covered by the Collective Bargaining Agreement, but failed to pay the entire amount when due to the Benefit Funds for work performed for May 2024 through July 2024 and November 2024 through January 2025 as required by the Collective Bargaining Agreement and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust.

16.    The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

17.    The Benefit Fund Plaintiffs and the Defendants Integrity Lift and Mike Crye entered into a Settlement Agreement and Confession of Judgment to resolve Defendants' failure to pay contributions timely to the Benefit Funds for work performed for May 2024 through July 2024 and November 2024 through January 2025.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 6; Declaration of Robert O. Betts, Exhibit B).)

18.     Mike Crye, on behalf of Integrity Lift, knowingly executed the Confession of Judgment, and is of sufficient age and education to understand its terms as provided in the seventh paragraph of the Affidavit for Confession of Judgment.

19.     The Affidavit of Confession of Judgment was executed by Integrity Lift and Mike Crye, as part of the terms of a comprehensive settlement agreement.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 6; Declaration of Robert O. Betts, Exhibit A).).

20.     Integrity Lift and Mike Crye made a voluntary, knowing and intelligent waiver of the right to notice and a prejudgment hearing on the merits of the Benefit Funds' claims as provided in the fourth paragraph of the Affidavit for Confession of Judgment.

21.     The Defendants Integrity Lift and Mike Crye are in default of the terms of the Settlement Agreement referred to in the Affidavit for Confession of Judgment.  The Defendants Integrity Lift and Mike Crye continuously failed to make the monthly settlement payments due under the terms of the Settlement Agreement. (Exhibit 1 (Declaration of Robert O. Betts, ¶ 7).)

22.     The Defendants Integrity Lift and Mike Crye are in default of the terms of the Settlement Agreement referred to in the Affidavit for Confession of Judgment.  The Defendants Integrity Lift and Mike Crye also failed to make the regular monthly contributions payment due for October 2025 through November 2025 as required under the terms of the Settlement Agreement. (Exhibit 1 (Declaration of Robert O. Betts, ¶ 7).)

23.     The Affidavit of Confession of Judgment provides that in the event of a default by Integrity Lift and Mike Crye, in the payment of any amount due under the terms of the Settlement Agreement, interest will be assessed on the sum of $199,356.31, less any amounts paid, at the rate of seven percent (7%) per annum.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 8).)

24.    Interest in the amount of $7,580.71 has accrued as of January 9, 2026.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 9).)

25.    The Affidavit of Confession of Judgment provides that in the event of a default by Integrity Lift and Mike Crye in the payment of any amount due under the terms of the Settlement Agreement, the Benefit Fund Plaintiffs may confess a judgment against Integrity Lift and Mike Crye in favor of the holder for the full amount then due.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 10).)

26.    The Defendants have paid $77,356.27 under the terms of the Settlement Agreement.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 7).)

27.    A Judgment in the amount of $129,580.75 is appropriately entered against Integrity Lift and Mike Crye as provided by the terms of the Affidavit for Confession of Judgment.  (Exhibit 1 (Declaration of Robert O. Betts, ¶ 11; Declaration of Robert O. Betts, Exhibit C).)

28.    The Confession of Judgment and Judgment by Confession does not involve a loan defined as a "consumer credit transaction" in accordance with Annex. A to Title 231, Chapter 2950, Rule 295 1(a)(2).

29.    The Confession of Judgment and Judgment by Confession arose out of a business transaction and were not entered into for personal, family or household purposes.  The Confession of Judgment and Judgment by Confession do not arise out of a retail installment sale, contract or account as defined under the Goods and Services Installment Sales Act, 69 P.S. §1101, *et seq.*

30.    The Judgment by Confession is not being entered against natural persons in connection with a consumer credit transaction.  The Judgment by Confession is not being entered in connection with a residential lease.

31.     Neither the Confession of Judgment nor the Judgment by Confession have been assigned and Plaintiffs are the current holder thereof.

32.     Judgment has not been entered on the Judgment by Confession or the Confession of Judgment in any other jurisdiction.

33.     The Judgment by Confession is less than twenty years old and no application for a court order granting leave to enter judgment after notice is required.

34.     Upon information and belief, the Defendants are not a member of the military.

**WHEREFORE,** the Plaintiffs pray judgment on Count I as follows:

1.  For a Court Order entering judgment against Integrity Lift and Mike Crye jointly and severally, as provided in the Confession of Judgment, in the amount of $129,580.75.

Respectfully submitted,

**Date:**  <u>January 14, 2026</u>

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, *et al.*, | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| INTEGRITY LIFT SOLUTIONS, *et al.*, | : |
| | : |
| Defendants. | : |

### <u>NOTICE</u>

Pursuant to Rule 236 of the Supreme Court of Pennsylvania, and Federal Rule of Civil Procedure 54, you are hereby notified that a Judgment by Confession has been entered against you in the above-proceeding.  Enclosed is a copy of the Complaint and accompanying documents filed in support of said Judgment.

If you have any questions concerning this Notice, please call Andrew Costa-Kelser at (215) 629-4970.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

By: _____
George Wylesol, Clerk

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, *et al.*, | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. _____ <br> : |
| v. | : <br> : |
| INTEGRITY LIFT SOLUTIONS, *et al.*, | : <br> : |
| Defendants. | : |

## <u>PRAECIPE FOR ENTRY OF JUDGMENT BY CONFESSION</u>

COME NOW Plaintiffs, by and through their attorneys, O'Donoghue & O'Donoghue LLP, and request the Clerk of the Court to enter a Judgment by Confession against Integrity Lift Solutions and Mike Crye, jointly and severally, in the amount of $129,580.75.

This Request is brought pursuant to Rule 236 of the Supreme Court of Pennsylvania and Rule 54 of the Federal Rules of Civil Procedure. The basis for this Request is set forth in the attached Declaration in Support of and Request for Clerk's Entry of Judgment by Confession.

Respectfully submitted,

**Date:** <u>January 14, 2026</u>

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA 19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, *et al.*, | : |
| | : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| INTEGRITY LIFT SOLUTIONS, *et al.*, | : |
| | : |
| Defendants. | : |

## <u>JUDGMENT BY CONFESSION</u>

It appearing from the records in the above entitled action that the Plaintiffs, Trustees of the National Elevator Industry Pension Fund, Health Benefit Plan, and Educational Plan, Trustees of the Elevator Constructors Annuity and 401(k) Retirement Fund, and Trustees of the Elevator Industry Work Preservation Fund, have filed a complaint in confession of judgment;

It is **ORDERED** and **ADJUDGED** that Judgment by Confession be and the same hereby is entered as follows:

1) In favor of Plaintiffs, Trustees of the National Elevator Industry Pension Fund, Health Benefit Plan, and Educational Plan, Trustees of the Elevator Constructors Annuity and 401(k) Retirement Fund, and Trustees of the Elevator Industry Work Preservation Fund against Defendants Integrity Lift Solutions and Mike Crye, jointly and severally, in the amount of $129,580.75, with post-judgment interest to accrue at the statutory rate;

2) That the Clerk of Court shall transmit a copy of this Order to all counsel of record and to the Defendants; and

3) That the Clerk of Court shall close this case.

_____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, *et al.*, | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. _____ <br> : |
| v. | : <br> : |
| INTEGRITY LIFT SOLUTIONS, *et al.*, | : <br> : |
| Defendants. | : |

**DECLARATION IN SUPPORT OF AND**
**REQUEST FOR CLERK'S ENTRY OF JUDGMENT BY CONFESSION**

I hereby certify, declare, and verify under penalty of perjury, and pursuant to 28 U.S.C. Section 1746, this 14th day of January, 2026, that I am an attorney of record for the Plaintiffs in the above-captioned case and that Defendants Integrity Lift Solutions ("Integrity Lift") and Mike Crye executed the Settlement Agreement and Confession of Judgment, and that the Defendants Integrity Lift and Mike Crye breached the terms of the Settlement Agreement and Confession of Judgment by failing to make required payments to the Plaintiffs.

Therefore, the Clerk of Court is requested to enter a Judgment by Confession against Defendants Integrity Lift and Mike Crye pursuant to Rule 236 of the Supreme Court of Pennsylvania and Federal Rule of Civil Procedure 54.

Respectfully submitted,

**Date:** January 14, 2026

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA 19106
Telephone (215) 629-4970
akelser@odonoghuelaw.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, *et al.*, | : |
| | : |
| | : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| INTEGRITY LIFT SOLUTIONS, *et al.*, | : |
| | : |
| Defendants. | : |

## ASSESSMENT OF DAMAGES

TO THE PROTHONOTARY:

You are hereby directed to assess damages in favor of Plaintiffs, Trustees of the National Elevator Industry Pension Fund, Health Benefit Plan, and Educational Plan, Trustees of the Elevator Constructors Annuity and 401(k) Fund, and Trustees of the Elevator Industry Work Preservation Fund, and Defendants Integrity Lift Solutions and Mike Crye, jointly and severally, in the amount of $129,580.75.

Respectfully submitted,

**Date:** <u>January 14, 2026</u>

<u>/s Andrew Costa-Kelser</u>
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA 19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, *et al.*, | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. _____ <br> : |
| v. | : <br> : |
| INTEGRITY LIFT SOLUTIONS, *et al.*, | : <br> : |
| Defendants. | : |

## <u>CERTIFICATION OF ADDRESSES</u>

I, Andrew Costa-Kelser, certify to the best of my knowledge, information and belief that the Plaintiffs' address is 19 Campus Blvd., Suite 200, Newtown Square, PA 19073; the last known address of Defendant Integrity Lift Solutions is 1766 Stanley Ave., Dayton, Ohio 45404; and the last known address of Defendant Mike Crye is 1766 Stanley Ave., Dayton, Ohio 45404.

Respectfully submitted,

**Date:** <u>January 14, 2026</u>

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA 19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, *et al.*, | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. _____ <br> : |
| v. | : <br> : |
| INTEGRITY LIFT SOLUTIONS, *et al.*, | : <br> : |
| Defendants. | : |

## NOTICE OF RIGHT TO RECOVER ATTORNEY FEES
## AND COSTS AND PROCEDURE TO
## <u>FOLLOW TO STRIKE OR OPEN A CONFESSED JUDGMENT</u>

TO:  Integrity Lift Solutions
1766 Stanley Ave.
Dayton, OH 45404

Mike Crye
1766 Stanley Ave.
Dayton, OH 45404

A judgment in the amount of $129,580.75 has been entered against you and in favor of the Plaintiffs without any notice of prior hearing based on a Judgment by Confession contained in a written agreement or other document allegedly signed by you. The U.S. Marshall or Sheriff may take your property or money to satisfy this judgment at any time after thirty (30) days after this notice has been served on you.

You may have legal rights to defeat the judgment or to prevent your property or money from being taken.  YOU MUST FILE A PETITION SEEKING RELIEF FROM THE JUDGMENT AND PRESENT IT TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE DATE ON WHICH THIS NOTICE IS SERVED ON YOU OR YOU MAY LOSE YOUR RIGHTS.

Pursuant to 42 Pa.C.S.A. 2737.1, you are hereby notified that a debtor who has been incorrectly identified and had a confession of judgment entered against him shall be entitled to costs and reasonable attorney's fees as determined by the Court.

Pursuant to 42 Pa.C.S.A. 2737.1, you are hereby notified of the instructions regarding the procedure to follow to strike off or open a confessed judgment under Pennsylvania Rule of Civil Procedure 2959, which is reproduced in full on the following page.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
1101 Market Street, 11th Fl
Philadelphia, PA 19107
(215) 238-6300

Respectfully submitted,

**Date:**  January 14, 2026

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

Pennsylvania Rule of Civil Procedure 2959
<u>Striking Off or Opening Judgment; Pleadings; Procedure</u>

(a)(1) Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment.
(2) The ground that the waiver of the due process rights of notice and hearing was not voluntary, intelligent and knowing shall be raised only

(i) in support of a further request for a stay of execution where the court has not stayed execution despite the timely filing of a petition for relief from the judgment and the presentation of prima facie evidence of a defense; and
(ii) as provided by <u>Rule 2958.3</u> or <u>Rule 2973.3</u>.
(3) If written notice is served upon the petitioner pursuant to <u>Rule 2956.1(c)(2)</u> or <u>Rule 2973.1(c)</u>, the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.
(b) If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be fixed by the court by local rule or special order.
(c) A party waives all defenses and objections which are not included in the petition or answer.
(d) The petition and the rule to show cause and the answer shall be served as provided in <u>Rule 440</u>.
(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.
(f) The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.
(g) (1) A judgment shall not be stricken or opened because of a creditor's failure to provide a debtor with instructions imposed by an existing statute, if any, regarding procedures to follow to strike a judgment or regarding any rights available to an incorrectly identified debtor.
(2) Subdivision (g)(1) shall apply to (1) judgments entered prior to the effective date of subdivision (g)[1] which have not been stricken or opened as of the effective date and (2) judgments entered on or after the effective date.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, *et al.*, | : <br> : <br> : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| INTEGRITY LIFT SOLUTIONS, *et al.*, | : |
| | : |
| Defendants. | : |

## CONFESSION OF JUDGMENT

Pursuant to the authority set forth in the Confession of Judgment, I appear for the Defendants Integrity Lift Solutions ("Integrity Lift") and Mike Crye, and confess judgment in favor of the Plaintiffs, Trustees of the National Elevator Industry Pension Fund, Health Benefit Plan, and Educational Plan, Trustees of the Elevator Constructors Annuity and 401(k) Retirement Fund, and Trustees of the Elevator Industry Work Preservation Fund, and against Defendants Integrity Lift and Mike Crye in the amount of $129,580.75.

Respectfully submitted,

**Date:** <u>January 14, 2026</u>

/s Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
akelser@odonoghuelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h), on this 14th day of January, 2026 on the following:

Internal Revenue Service,
Office of the Associate Chief Counsel, CC:EEE
Room 4300
1111 Constitution Avenue, NW
Washington, DC 20224

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTN: Assistant Solicitor
      for Plan Benefits Security

s/ Andrew Costa-Kelser
Andrew Costa-Kelser

# Declaration of Robert O. Betts, Jr.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, *et al.*, | : |
| | : |
| | : |
| Plaintiffs, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| INTEGRITY LIFT SOLUTIONS, *et al.*, | : |
| | : |
| Defendants. | : |

## DECLARATION OF ROBERT O. BETTS, JR.

I, Robert O. Betts, Jr., hereby certify, declare, and verify as follows:

1.     That I am the Executive Director of the National Elevator Industry Pension Fund, National Elevator Industry Health Benefit Plan, and Elevator Constructors Annuity and 401(k) Retirement Fund.

2.     I have been retained by the National Elevator Industry Educational Plan and Elevator Industry Work Preservation Fund to act on their behalf for the purpose of collecting unpaid contributions to the National Elevator Industry Educational Plan and Elevator Industry Work Preservation Fund.

3.     I am over the age of 18 and competent to testify to the facts contained in this Declaration.  I am authorized to execute this Declaration on behalf of the National Elevator Industry Pension Fund, National Elevator Industry Health Benefit Plan, Elevator Constructors Annuity and 401(k) Retirement Fund, National Elevator Industry Educational Plan, and Elevator Industry Work Preservation Fund ("Benefit Funds").

4.     Integrity Lift Solutions ("Integrity Lift") executed a Short Form Agreement and agreed to be bound to the Collective Bargaining Agreement between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association.  Integrity Lift

currently is bound to the terms of the Collective Bargaining Agreement between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association.

5.      Integrity Lift provided contribution reports to the Benefit Funds for the months of May 2024 through July 2024 and November 2024 through January 2025.  However, it failed to pay contributions when due to the Benefit Funds for hours worked by its employees during these months.

6.      That in order to resolve its failure to pay contributions when due to the Benefit Funds, Integrity Lift, and its owner, Mike Crye, executed a Settlement Agreement and Confession of Judgment on February 19, 2025.  The Settlement Agreement and Confession of Judgment required Integrity Lift and Mike Crye to make regularly monthly settlement payments to satisfy the outstanding amount of $199,356.31.  The Settlement Agreement and Confession of Judgment also required Integrity Lift and Mike Crye to report and pay contributions to the Benefit Funds on a monthly basis for any work period not covered by the Settlement Agreement.  The Affidavit of Confession of Judgment is attached as Exhibit A to this Declaration.  The Settlement Agreement is attached as Exhibit B to this Declaration.

7.      That Integrity Lift and Mike Crye paid $77,356.27 before breaching the terms of the Settlement Agreement and Confession of Judgment by repeatedly failing to make the payments due on the first of each month and the monthly contribution payments due for the months of October 2025 through the present.

8.      The Affidavit of Confession of Judgment provides that in the event of a default by Defendants Integrity Lift and Mike Crye in the payment of any amount due under the terms of the Settlement Agreement, interest will be assessed on the sum of $199,356.31, less any amounts paid, at the rate of seven percent (7%) per annum.

9.     Interest in the amount of $7,580.71 has accrued as of January 9, 2026.

10.     The Affidavit of Confession of Judgment provides that in the event of a default by Defendants Integrity Lift and Mike Crye in the payment of any amount due under the terms of the Settlement Agreement, the Benefit Fund Plaintiffs may confess a judgment against Integrity Lift and Mike Crye in favor of the holder for the full amount then due.

11.     Subject to the terms of the Settlement Agreement and Confession of Judgment, Integrity Lift and Mike Crye owe $129,580.75 in unpaid contributions, interest and liquidated damages assessed on unpaid contributions, and interest assessed on the principal amount subject to the Confession of Judgment, less the amount paid by Defendants Integrity Lift and Mike Crye. The chart attached to this Declaration as Exhibit C details these calculations.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true

and correct. Executed this __13th__ day of January, 2026, in Newtown Square, Pennsylvania.

_____

ROBERT O. BETTS, JR.
EXECUTIVE DIRECTOR

# Declaration of Robert O. Betts, Jr.
# Exhibit A

**AFFIDAVIT FOR**
**CONFESSION OF JUDGMENT**

I, Mike Crye, as owner and officer of Integrity Lift Solutions ("Integrity Lift") and on behalf of myself, being duly sworn hereby state as follows under penalty of perjury:

1.      I am making a voluntary, knowing and intelligent waiver of my right, and Integrity Lift's right, to notice and a prejudgment hearing on the merits of the claim for damages against Integrity Lift, and against Mike Crye individually, by the Trustees of the National Elevator Industry Pension Plan, National Elevator Industry Health Benefit Plan, National Elevator Industry Educational Fund, Elevator Constructors Annuity and 401(k) Plan, and the Elevator Industry Work Preservation Fund (collectively referred to as the "Benefit Plans"). I have the authority to execute this document on behalf of Integrity Lift, and on behalf of myself.

2.      For value received and in consideration of the mutual promises set forth in the Settlement Agreement, Integrity Lift and Mike Crye have promised to pay the sum of $199,356.31 to the Benefit Plans in the event of a default by Integrity Lift and Mike Crye in the payment of any amount when due under the terms of the Settlement Agreement. Interest will be assessed on this sum in the amount of seven percent (7%) per annum. This amount is justly due to the Benefit Plans pursuant to the terms of collective bargaining agreements between Integrity Lift and the International Union of Elevator Constructors for unpaid contributions, interest, and liquidated damages for the reporting periods of May 2024 through July 2024 and November 2024 through January 2025. The attached summary of damages details these amounts. Integrity Lift and Mike Crye recognize that they have no meritorious defense to the Benefit Plan's claim to payment of this amount.

3.      In the event of default by Integrity Lift, of any obligation under the terms of the Settlement Agreement, time being of the essence hereof, the holder of this Confession of

Judgment, at their option, may, without presentment, protest, notice or demand, declare the entire principal sum of $199,356.31 then unpaid, together with any accrued and unpaid interest thereon, immediately due and payable by Integrity Lift and Mike Crye and obtain a final judgment against Integrity Lift and Mike Crye, jointly and severally, by any court.

4.      Integrity Lift and Mike Crye hereby authorize any attorney at law to appear on their behalf in any court of record including the United States District Court for the Eastern District of Pennsylvania, file this Affidavit, and confess a judgment against Integrity Lift and Mike Crye in favor of the holder for the full amount then due, plus costs of suit and attorneys' fees, and to release all errors and waive all right of appeal.  Upon such confession, Integrity Lift and Mike Crye agree that a judgment is properly entered against Integrity Lift and Mike Crye, jointly and severally, by any court, including the United States District Court for the Eastern District of Pennsylvania. Integrity Lift and Mike Crye hereby waive any right to notice and a prejudgment hearing on the merits of the Benefit Plans' claim to payment under this Confession of Judgment.

5.      The terms of this Confession of Judgment are binding upon, and inure to the benefit of, the parties and their respective successors and assigns.  Successors and assigns means, but is not limited to, any assignment, whether voluntary or involuntary, by merger (regardless of whether the party is the surviving or disappearing entity), change of control, asset purchase, consolidation, dissolution, operation of law, sale, of any kind or other manner. Integrity Lift and Mike Crye specifically warrant that in the event of a succession or assignment, they will place any successor or assignee on notice of this Confession of Judgment, and will obtain the successor or assignee's express written agreement to assume and be bound by this Confession of Judgment.

6.      This judgment is not being entered by confession against a natural person in connection with a consumer credit transaction, a residential lease, or a retail installment sale,

contact, or account as defined under the Goods and Services Installment Sales Act, 69 P.S. 1101, *et seq.*

      7.    The undersigned have executed this Confession of Judgment voluntarily, knowingly, and intelligently in order to resolve a delinquency in payments to the Benefit Plans. Integrity Lift's mailing address to affect mail delivery is 1765 Stanley Avenue, Dayton, Ohio 45404. Mike Crye is above the age of 18 and their mailing address to affect mail delivery on them is 1765 Stanley Avenue, Dayton, Ohio 45404.

Dated:  February 18, 2025



_____
Mike Crye, on behalf of
Integrity Lift Solutions

_____
Mike Crye

Sworn to and subscribed before me
this 19th day of February 2025.

_____
NOTARY PUBLIC
My Commission Expires: November 28, 2028

EVAN HART
Notary Public, State of Ohio
My Commission Expires
November 28, 2028
COMMISSION: 2023-RE-871036

# Declaration of Robert O. Betts, Jr.
# Exhibit B

## SETTLEMENT AGREEMENT, RELEASE, AND CONFESSION OF JUDGMENT

THIS SETTLEMENT AGREEMENT, RELEASE, AND CONFESSION OF JUDGMENT ("Settlement Agreement") is entered into on this _15_ day of _FEBRUARY_ , _2025_, between Integrity Lift Solutions ("Integrity Lift"), Mike Crye, and the Trustees of the National Elevator Industry Pension Plan, National Elevator Industry Health Benefit Plan, National Elevator Industry Educational Fund, the Elevator Constructors Annuity and 401(k) Plan, and the Elevator Industry Work Preservation Fund (collectively referred to as "Benefit Funds").

WHEREAS, Integrity Lift owes certain amounts to the Benefit Funds under the terms of its Collective Bargaining Agreement with the International Union of Elevator Constructors for the reporting periods of May 2024 through July 2024 and November 2024 through January 2025, and

WHEREAS, the parties desire to make arrangements for the payment of the delinquent amounts owed to the Benefit Funds, and

WHEREAS, the undersigned represent that they are authorized to execute this Settlement Agreement and Release and Confession of Judgment and bind the respective parties to the terms of this document,

NOW, THEREFORE, the parties hereby agree, in consideration of good and valuable consideration, the receipt of which is hereby acknowledged, as follows:

1.    The foregoing recitals are made a part of this Settlement Agreement and Release.

2.    Integrity Lift acknowledges that it owes the Benefit Funds the amount of $199,356.31 for unpaid contributions, interest, and liquidated damages for the reporting periods of May 2024 through July 2024 and November 2024 through January 2025 ("Indebtedness").  The attached Summary of Damages details these amounts.

3.    In order to resolve the Indebtedness to the Benefit Funds, Integrity Lift agrees to pay the sum of $170,831.60. This amount will be paid by way of an initial payment of $5,000.00 due on the date of execution of the agreement, followed by seventeen (17) subsequent monthly payments of $10,336.61, with the final payment due on July 1, 2026, with interest accruing on any outstanding balance at the rate of seven percent (7%) per annum.  The parties agree that time is of the essence. All payments are to be made payable to the "NEI Benefit Plans" and received before the close of business on the date due (or if the date due falls on a weekend or holiday, received on the next regular business day) by O'Donoghue & O'Donoghue LLP, c/o Andrew Costa-Kelser, 325 Chestnut Street, Suite 600, Philadelphia, PA 19106.

4.    If Integrity Lift fails to make any scheduled payment to liquidate its Indebtedness to the Benefit Funds as provided in Paragraph 3, or if Integrity Lift fails to keep current in its future obligations to the Benefit Funds, the Benefit Funds may, without additional notice or demand, declare the entire Indebtedness then unpaid, together with accrued interest thereon, immediately due and payable.

5.    Integrity Lift acknowledges that the Collective Bargaining Agreement provides that contribution reports and payments are due no later than the 15th day of each month following the work month. For example, the report of hours and contributions owed for work performed in August are due no later than September 15. Integrity Lift acknowledges further that the Collective Bargaining Agreement provides for interest and liquidated damages to be assessed on late payments.

6.    Integrity Lift agrees that for the duration of the payment schedule set forth in Paragraph 3 above, it will submit all monthly contribution payments to O'Donoghue & O'Donoghue LLP, c/o Andrew Costa-Kelser, 325 Chestnut Street, Suite 600, Philadelphia, PA

19106, by the close of business on the date due. All payments are to be made payable to the "NEI Benefit Plans".

7.   Integrity Lift and Mike Crye agree to the entry of the attached Confession of Judgment. In the event Integrity Lift breaches the terms of this Settlement Agreement and Release, the Benefit Funds may, without notice or demand, declare the entire total indebtedness then unpaid, together with accrued interest thereon and less any payments made toward the principal amount, immediately due and payable by Integrity Lift and Mike Crye and the Benefit Funds may file the attached Confession of Judgment, with Integrity Lift and Mike Crye responsible for all costs and attorney's fees.

8.   In the event of a future lawsuit to enforce payment of the Settlement Agreement and Release, Integrity Lift and Mike Crye agree to pay reasonable costs and attorneys' fees to the Benefit Funds.

9.   The parties agree that Integrity Lift may pay the principal amount early, without penalty. However, any partial prepayment shall not alter Integrity Lift's obligation to make its next monthly payment in accordance with the terms set forth in Paragraph 3.

10.  Integrity Lift agrees that title to all amounts to be paid to the Benefit Funds under the terms of this Settlement Agreement and Release and the Collective Bargaining Agreement, whether paid or unpaid, vests and becomes a plan trust asset on the date due. Integrity Lift further acknowledges that it is bound to the Restated Agreements and Declarations of Trust establishing the Benefit Funds and the *Guidelines for Employers Participating in the National Elevator Industry Pension Fund, the National Elevator Industry Health Benefit Plan, the National Elevator Industry Educational Program, the Elevator Constructors Annuity and 401(k) Retirement Plan and the Elevator Industry Work Preservation Fund* ("Employer Guidelines").

11. Integrity Lift acknowledges that if it fails to pay the company's regular monthly benefit contribution payments in accordance with Paragraph 5, Integrity Lift's employees' health coverage provided through the National Elevator Industry Health Benefit Plan will immediately be terminated. In the event Integrity Lift's employees' health coverage is terminated in accordance with this Paragraph, the Health Benefit Plan will not reinstate the employees' health coverage until Integrity Lift cures its breach of this Agreement.

12. Nothing in this Settlement Agreement and Release shall be interpreted to alter or amend the terms of the Collective Bargaining Agreement or the Benefit Funds' Declarations of Trust.

13. Upon satisfaction of all obligations under this Settlement Agreement and Release, the Benefit Funds will release and forever discharge Integrity Lift and Mike Crye, along with their authorized representatives, agents, officers, and principals from any and all claims, debts, liabilities, obligations and causes of action, suits, claims and demands of any kind whatsoever, in law or equity, whether known or unknown, contingent or matured, and whether within the contemplation of the parties or not, which the Benefit Funds may have had, now have, or may have in the future against Integrity Lift and Mike Crye arising under or relating in any way to contributions, lost earnings on late remitted employee elective deferrals, interest, liquidated damages, costs and attorneys' fees under the terms of Integrity Lift's Collective Bargaining Agreement with the International Union of Elevator Constructors, for the periods of May 2024 through July 2024 and November 2024 through January 2025. The parties specifically acknowledge that this Release does not extend to any withdrawal liability assessments, if any, in the future.

14. Integrity Lift specifically agrees that to the extent it has submitted inaccurate or incomplete remittance reports, the Benefit Funds do not waive or release any claims, actions, or causes of action and that nothing in this Settlement Agreement and Release, including Paragraph 13, will be construed to prevent the Benefit Funds from bringing an action in any court to compel an audit and/or any action for delinquent contributions and other amounts owed for any period of time covered by this Settlement Agreement and Release.

15. Within five (5) days of a written request from the Benefit Funds, Integrity Lift agrees to provide all payroll records and time sheets for work performed by Integrity Lift's employees on any project that may be subject to a payment. Integrity Lift further agrees to assist the Benefit Funds in pursuing any available claim pursuant to a payment bond covering work performed by Integrity Lift's employees.

16. Mike Crye, officer and owner of Integrity Lift, acknowledges that they exercise discretionary authority and discretionary control with respect to the management of the Benefit Funds' "plan assets," that they are a "fiduciary" with respect to the Benefit Funds' "plan assets" under the Employee Retirement Income Security Act ("ERISA"), and that they are personally liable for the amounts due and owing to the Benefit Funds that are part of this Settlement Agreement.

17. Integrity Lift and Mike Crye agree to release and forever discharge the Benefit Funds, along with their authorized representatives, agents, officers, and  principals from any and all claims, debts, liabilities, obligations and causes of action, suits, claims and demands of any kind whatsoever, in law or equity, whether known or unknown, contingent or matured, and whether within the contemplation of the parties or not, which Integrity Lift and Mike Crye may have had, now have, or may have in the future against the Benefit Funds arising under or relating in any way

to erroneously paid contributions under the terms of Integrity Lift's Collective Bargaining Agreement with the International Union of Elevator Constructors for the periods of May 2024 through July 2024 and November 2024 through January 2025.

18. The terms of this Settlement Agreement are binding upon, and inure to the benefit of, the parties and their respective successors and assigns. Successors and assigns means, but is not limited to, any assignment, whether voluntary or involuntary, by merger (regardless of whether the party is the surviving or disappearing corporation), change of control, asset purchase, consolidation, dissolution, operation of law, sale, of any kind or other manner. Integrity Lift specifically warrants that in the event of a succession or assignment, it will place any successor or assignee on notice of this Settlement Agreement and Release and will obtain the successor or assignee's express agreement to assume and be bound by this Settlement Agreement and Release and the Confession of Judgment.

19. This Settlement Agreement and Release shall be governed by the laws of Pennsylvania and applicable federal law.

20. It is agreed that if any part of this Settlement Agreement and Release is declared unlawful, invalid or unenforceable by any court or administrative body of competent jurisdiction, it shall not affect the validity or enforceability of any other provision hereof.

21. The parties acknowledge that they have carefully reviewed the terms of this Settlement Agreement and Release and the Affidavit for Confession of Judgment and that each has had the opportunity to consult with counsel prior to executing this document. The parties agree that each has participated in the drafting of this Settlement Agreement and Release and its attachment, that their terms are the combined efforts of all the parties, and that their terms shall not be construed against any party.

22.   This Settlement Agreement and Release and the Affidavit for Confession of Judgment represents the entire agreement and understanding of the parties with respect to all matters contained in it, and all prior agreements, and all understandings and representations, whether written or oral, are and have been merged herein and superseded by this Settlement Agreement and Release and the Affidavit for Confession of Judgment.  Any changes or modifications to this Settlement Agreement and Release and the Affidavit for Confession of Judgment may be made only if in writing and executed on behalf of all of the parties.

23. Failure to insist on strict compliance with any of the terms of this Settlement Agreement and Release or the Affidavit for Confession of Judgment (by way of waiver or breach) by any party hereto shall not be deemed to be a continuous waiver in the event of any future breach or waiver of any conditions.

**IN WITNESS WHEREOF**, the parties have executed this Settlement Agreement and Release on the date stated above.

**TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION PLAN, NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN, NATIONAL ELEVATOR INDUSTRY EDUCATIONAL PROGRAM, ELEVATOR CONSTRUCTORS ANNUITY AND 401(k) PLAN, AND THE ELEVATOR INDUSTRY WORK PRESERVATION FUNDS**

DATE: 2/15/25

By: /s/ Andrew Costa-Kelser

Title: Fund Counsel

**INTEGRITY LIFT SOLUTIONS**

DATE: 2/15/2025

By: _Chli M Gve_ (MIKE CRYE)

Title: PRESIDENT

**MIKE CRYE**

DATE: 2/24/2025

By: _C.M M Gve_ (MIKE CRYE)

Title: MIKE CRYE JR

# Declaration of Robert O. Betts, Jr.
# Exhibit C

*National Elevator Industry Benefit Plans*

*Integrity Lift Solutions*

**Summary of Damages for Confession of Judgment**

|  |  |  | **Total** |
|---|---|---|---|
| **Amount Owed Pursuant to Contribution Reports Received by the Benefits Office** | | | |
| **Type** | **Amount** | | |
| *Unpaid Contributions* | | | |
| May 2024 - January 2025 | $ | 165,864.14 | $  165,864.14 |
| | | | |
| *Interest on Late and Unpaid Contributions* | | | |
| May 2024 - December 2024 | $ | 4,967.46 | $   4,967.46 |
| | | | |
| *Liquidated Damages on Unpaid Contributions* | | | |
| May 2024 - December 2024 | $ | 28,524.71 | $   28,524.71 |
| | | | |
| | | | $  199,356.31 |

**Amounts Owed Pursuant to Settlement Breach/Confessed Judgment**

| **Type** | **Amount** | |
|---|---|---|
| *Interest at 7% on Confessed Judgment Balance* | | |
| As of Jan. 9, 2026 | $ | 7,580.71 |
| **Total** | | **$206,937.02** |
| | Less Payments Made | **$77,356.27** |
| **Total** | | **$129,580.75** |

**National Elevator Industry Benefit Plans**

*Integrity Lift Solutions*

**Interest on Confessed Judgment Amount**

| Confessed Judgment Amount | Date of Confessed Judgment | Current Date | Days Late | Daily Interest Calculation | Daily Interest Rate | Total Unpaid Interest |
|---|---|---|---|---|---|---|
| $ 122,000.04 | 2/19/2025 | 1/9/2026 | 324 | 0.02% | $ 23.40 | $ 7,580.71 |
| | | | | | | $ **7,580.71** |